IN RE DISSOLUTION OF COMMON SCHOOL
DISTRICT NO. 899.
COMMON SCHOOL DISTRICT NO. 899 v. INDEPENDENT
SCHOOL DISTRICT NO. 784.
INDEPENDENT SCHOOL DISTRICT NO. 371, APPELLANT.

177 N. W. (2d) 775.

May 29, 1970—Nos. 41909, 41910.

*Peterson & Popovich* and *Richard H. Knutson,* for appellant.
*Robert C. Swenson,* for respondent District No. 784.
*Robert R. Pflueger,* for respondent District No. 899.

Heard before Nelson, Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a district court judgment reversing an order of the Lac qui Parle County Board and from an order denying a motion for a new trial.

In June 1967 a petition was presented to the Lac qui Parle County Board to close Common School District No. 899, which operated the Louisburg elementary school. During the 1966-67 school year the Louisburg elementary school had 13 students in the first six grades. Louisburg students in grades 9 to 12 had been attending school in Independent School District No. 784 (Appleton) since 1936 and students in grades 7 and 8 had started going to Appleton in 1947.

The county board issued an interlocutory order on June 29, 1967, dissolving the Louisburg school district and dividing the territory among Independent School District No. 377 (Madison), Independent School District No. 371 (Bellingham), and the Appleton district. The territory was divided so that all the children would go to the Appleton schools. This division was a compromise between the parents' wishes to continue sending their children to Appleton and the Lac qui Parle County Board's desire to divide the land among school districts in Lac qui Parle County. Louisburg, Bellingham, and Madison are in Lac qui Parle County, and Appleton is in Swift County. Elections were set up in the dissolved territory pursuant to Minn. St. 122.22, subd. 11, but because the residents in the area proposed for attachment to Madison did not vote in favor of assuming their proportionate share of the bonded indebtedness of the Madison school district within the time specified by law, the interlocutory order of the county board dissolving the Louisburg school district did not become effective.

The county board then proceeded under Minn. St. 122.32 to dissolve the Louisburg school district because it had ceased to maintain a classified school. A hearing was held on September

19, 1967, at which most Louisburg residents again said they wanted to send their children to Appleton. On September 21, 1967, the county board issued its order dissolving the Louisburg school district. It divided the land so that the children would attend the Bellingham school. A portion of the land was given to the Madison school district. No land was given to the Appleton school district. The board's original division among the three districts had produced a haphazard, checkerboard distribution because all land on which children resided was awarded to Appleton. In September the board decided on a neater division which gave more land to Bellingham and disregarded the wishes of the Louisburg residents to send their children to Appleton.

The total Appleton enrollment is 1,180, which includes an equal number of elementary and secondary students. Bellingham's total enrollment is 325 students, which includes 123 elementary students and 202 secondary students. The course offerings of the two schools are identical except for electronic shop, which is given only at Appleton. Some courses, such as physics and chemistry, are only given in alternate years at Bellingham while they are given every year at Appleton. There was no showing at the trial that either school was better than the other. Bellingham is approximately 1 mile closer to Louisburg than Appleton is.

The scope of review of an order of the county board in school district matters is governed by Minn. St. 127.25, subd. 1, and decisions construing that statute. The action of a county board in dissolving a school district, as well as in attaching it to another district, is legislative in character. Judicial review of such action is limited by this statute to a much narrower scope than review in an ordinary civil action. The trial court and this court must limit inquiry to a consideration of whether the county board had no jurisdiction or exceeded its jurisdiction; whether the action of the county board was arbitrary, fraudulent, capricious, or oppressive, or in unreasonable disregard of the best interest of the territory affected; and whether the action was based upon an erroneous theory of law. The trial court may not try the case

de novo and may not substitute its judgment as to what is in the best interest of the territory affected for the judgment of the county board. A trial court may not reverse an order of the county board merely because it disagrees with the honest exercise of judgment by the board. See, In re Petition of Minneapolis Area Development Corp. 269 Minn. 157, 131 N. W. (2d) 29; In re Appeal of Lego v. Rolfe, 268 Minn. 483, 129 N. W. (2d) 811; In re Dissolution of Independent School Dist. No. 27, 240 Minn. 257, 60 N. W. (2d) 617.

The trial court found that the board had jurisdiction to act in the matter; that it did not exceed its jurisdiction; that the order of the county board was not fraudulent, capricious, or oppressive, but that it was in unreasonable disregard of the best interest of the territory affected. It reversed the order of the county board and remanded the matter to the board for further proceedings in accordance with the law. The judge, in a well-prepared memorandum, said:

"So far as the record shows the only thing the board considered in attaching the land of the Louisburg School District was to keep the land for school purposes in the county. This does appear to be in unreasonable disregard of the best interests of the territory affected, namely, the Louisburg School District. There is no showing that the board considered that most, if not all, junior and senior high school students now attend Appleton, that Appleton offers a larger variety of courses, and that the large majority of the residents of the Louisburg School District desire to be attached to the Appleton School District. There is no showing that the board considered the population trend and what the future holds for villages like Bellingham, which according to the 1960 census had a population of 327."

While we recognize that few legal disputes reaching the courts are more controversial than those pertaining to school districts, particularly in a situation such as we have in the case before us, we cannot say under the rules of law and the facts and circum-

stances above referred to that the determination of the county board was so arbitrary or in such unreasonable disregard of the best interest of the territory affected as to necessitate a reversal of the board's order. Rather, it appears to us that the county board could reasonably decide to keep the Louisburg students in Lac qui Parle County. The Bellingham school was about a mile closer than the Appleton school and it was not shown to be inadequate. It also seems reasonable that the board give consideration to the Bellingham district, which would be strengthened by the addition of Louisburg, as well as the Louisburg district and other districts in the county. In In re Appeal of Lego v. Rolfe, *supra*, we said the best interest of the territory affected means the whole territory involved in the proceedings. Some discretion in such a controversy must be left with the Lac qui Parle County Board. Viewing the record in its entirety, we are of the opinion that there was not such an abuse of discretion by the county board as to require a reversal of its order by the trial court. We therefore hold that it was error under the record here to reverse the board's order of September 21, 1967.

Reversed.

MR. CHIEF JUSTICE KNUTSON took no part in the consideration or decision of this case.